JOHN T. SARGENT *vs.* FREDERICK SMITH & another.

A landlord, whose tenant holds over after the expiration of his lease, and is removed from the premises by execution on a judgment in a landlord and tenant process, may recover in an action of tort damages for his exclusion from the premises, from the expiration of the lease to the removal of the tenant.

THIS case was submitted to the decision of the court upon a statement of facts, in substance as follows: The plaintiff leased a warehouse in Boston for three years from the 1st of April 1854, to Child and Cushing, who agreed "to deliver up the premises to the lessor or his attorney peaceably and quietly at the end of the term," in good order and condition, and to pay a rent of $500 annually in equal quarterly payments and all taxes, " and also the rent and taxes as above stated for such further time as the lessees may hold the same." Before the

beginning of the term, Child and Cushing assigned the lease to the defendants, who by the terms of the assignment " are to assume all our liability to the same." The defendants held over after the determination of the lease from the 1st of April to the 8th of May 1857, and were then removed by execution issued on a judgment in an action on the Rev. Sts. *c.* 104, commenced on the 3d of said April. If the plaintiff is entitled to recover, the amount is agreed to be $52.70.

The declaration contained two counts, one in contract upon the covenants in the lease, and another in tort for forcibly entering on the premises and keeping out the plaintiff.

*J. W. Browne*, for the plaintiff.

*G. E. Betton*, for the defendants.

METCALF, J. We are of opinion that judgment should be entered for the plaintiff, on the second count in his declaration. He is clearly entitled to damages for the unlawful exclusion of him from his building. He could recover no damages therefor on the process, under the Rev. Sts. *c.* 104, by which he regained possession; and it is provided by the 12th section of that chapter, that judgment recovered on that process shall not be a bar to an action for a trespass on the premises thereby recovered. The plaintiff has the same remedy which was formerly open to a demandant, after a recovery in a writ of entry, namely, an action of trespass for mesne profits. See *Raymond* v. *Andrews*, 6 Cush. 265; Stearns on Real Actions, (1st ed.) 244, 245, 408–410; 2 Roscoe on Real Actions, 705.

We express no opinion whether the plaintiff's first count is maintainable. That depends on the true application of the first resolution in *Spencer's case*, 5 Co. 16, viz.: " When the covenant extends to a thing *in esse*, parcel of the demise, the thing to be done by force of the covenant is *quodammodo* annexed and appurtenant to the thing demised, and shall go with the land, and shall bind the assignee, although he be not bound by express words; but when the covenant extends to a thing which is not in being at the time of the demise made, it cannot be appurtenant or annexed to the thing which hath no being, and therefore shall bind the covenantor, his executors or administra-

tors, and not the assignee." The numerous cases, in which it has been decided what covenants run or do not run with the land, are collected in 4 Bythewood on Conveyancing, (ed. of 1827,) 386; 2 Platt on Leases, 400 *& seq.;* and the notes to *Spencer's case,* in 1 Smith's Leading Cases. But we do not find that it has ever been decided, either in England or in this country, whether a covenant by a lessee, to deliver up the premises at the end of the term, runs with the land and binds the assignee of the lease, when he is not mentioned in the covenant. On this point, however, there is an extrajudicial *dictum* of Mr. Baron Parke, in *Doe* v. *Seaton,* 2 C., M. & R. 730, that such covenant does not run with the land.

In Ireland, the *St.* of 11 Anne, *c.* 2, provides that "all and every person and persons who shall take any assignment of all the residue of any term for years, or life, or lives, their executors or administrators, *shall be liable to all the covenants,* whereunto the lessees, their executors and administrators, were liable by virtue of the said leases." See Smythe Land. & Ten. 286; and *Earl of Lucan* v. *Gildea,* 2 Hudson & Brooke, 635.

*Judgment for the plaintiff.*